## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| WARREN LARS HENRICKSON,<br>Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-5263 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1.     Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Warren Lars Henrickson                                          .

2.     If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                          ,

as N/A                          of the estate of N/A                          , deceased.

3.     If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                          .

4.     If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A                                          .

**Defendant(s)**

5.     Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

      X   Novo Nordisk Inc.

      X   Novo Nordisk A/S

    _____ Eli Lilly and Company

    _____ Lilly USA, LLC

    _____ other(s) (identify): _____

2

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Spokane, Washington

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Washington

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Washington

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Spokane, Washington

10.     Jurisdiction is based on:

  X   diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Eastern District of Washington

12.     Venue is proper in the District Court identified in Paragraph 11 because:

  X   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

3

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    X     Ozempic (semaglutide)

         Wegovy (semaglutide)

         Rybelsus (oral semaglutide)

         Victoza (liraglutide)

         Saxenda (liraglutide)

         Trulicity (dulaglutide)

         Mounjaro (tirzepatide)

         Zepbound (tirzepatide)

         Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Plaintiff used the Ozempic from approximately March of 2021 to approximately July of 2021.

**INJURIES AND DAMAGES**

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    __X__ Gastroparesis

    __X__ Other gastro-intestinal injuries (specify) <u>Impairment of Gastric Emptying with Symptoms</u>

    _____ Ileus

    _____ Ischemic Bowel/Ischemic Colitis

    _____ Intestinal Obstruction

    _____ Necrotizing Pancreatitis

    _____ Gallbladder Injury (specify) _____

    _____ Micronutrient Deficiency

    _____ Wernicke's encephalopathy

    _____ Aspiration

    _____ Death

    _____ Additional/Other(s) (specify): _____

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

<u>Plaintiff's injuries occurred from approximately May of 2021 to approximately September of 2021.</u>

_____

<u>Plaintiff further contends ongoing complications related to the underlying injuries may occur;</u>

<u>Plaintiff does not waive any future complications.</u>

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

   X   Injury to self

_____ Injury to person represented

   X   Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____ Count I:    Failure to Warn – Negligence

_____ Count II:    Failure to Warn – Strict Liability

_____ Count III:    Breach of Express Warranty/Failure to Conform to Representations

_____ Count IV:    Breach of Implied Warranty

_____ Count V:    Fraudulent Concealment/Fraud by Omission

_____ Count VI:    Fraudulent/Intentional Misrepresentation

_____ Count VII:    Negligent Misrepresentation/Marketing

_____ Count VIII: Strict Product Liability Misrepresentation/Marketing

_____ Count IX:    Innocent Misrepresentation/Marketing

_____ Count X:    Unfair Trade Practices/Consumer Protection (see below)

_____ Count XI:    Negligence

_____ Count XII: Negligent Undertaking

    X    Count XIII: State Product Liability Act (see below)

_____    Count XIV: Wrongful Death

_____    Count XV:  Loss of Consortium

_____    Count XVI: Survival Action

_____    Other(s) (specify, and on separate pages, plead additional facts supporting

any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

_____

_____

b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

_____

_____

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one*

*opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        Wash. Rev. Code Ann. § 7.72.010 through Wash. Rev. Code Ann. § 7.72.070

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        Negligence, Failure to Warn-Negligence, Failure to Warn-Strict Liability, Breach of Express Warranty, Breach of Implied Warranty, Negligent Concealment and Misrepresentation, Concealment and Misrepresentation

    a.  Identify the factual allegations supporting those claims:

        Plaintiff incorporates Counts I, II, III, IV, VI, VII, VIII, IX, XI and XII of the Amended Master Complaint, dated August 29, 2025, as though fully set forth herein.

        Plaintiff alleges that Defendants' medication(s) as alleged herein were defectively designed, manufactured, marketed and sold in that they can result in unreasonable and increased risk of the injury(s) alleged herein.

        Plaintiff alleges that Defendants knew or should have known of the unreasonable and increased risk of the injury(s) alleged herein and otherwise failed to warn Plaintiff and/or Plaintiff's healthcare providers.

        Plaintiff alleges that Defendants fraudulently concealed and misrepresented the unreasonable

and increased risk of the injury(s) alleged herein.

Plaintiff alleges that Defendants' directly and proximately caused Plaintiff's injury(s).

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A_____.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: July 27, 2026_____

By:

W. Cameron Stephenson

FL Bar No. 51599

Levin, Papantonio, Proctor, Buchanan, O'Brien,

Barr & Mougey, P.A.

316 South Baylen Street, Suite 600

Pensacola, FL 32502

cstephenson@levinlaw.com

+1(850) 435-7000

9

---

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).